Guy Ruttenberg (SBN 207937)
guy@ruttenbergiplaw.com
**RUTTENBERG IP LAW,**
**A PROFESSIONAL CORPORATION**
1801 Century Park East, Suite 1920
Los Angeles, California 90067
Telephone: (310) 627-2270
*Attorneys for Plaintiff and Counterdefendants*
*Meridian Rapid Defense Group LLC and Peter D. Whitford*

**CONSTANTINE MARANTIDIS, CA Bar No. 173318**
cmarantidis@lewisroca.com
**G. WARREN BLEEKER, CA Bar No. 210834**
wbleeker@lewisroca.com
**KYLE W. KELLAR, CA Bar No. 294253**
kkellar@lewisroca.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
**655 N. Central Avenue, Suite 2300**
**Glendale, CA 91203-1445**
**Telephone: (626) 795-9900**
**Facsimile: (626) 577-8800**

*Attorneys for Defendant and Counterclaimant*
*Delta Scientific Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERIDIAN RAPID DEFENSE GROUP LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>DELTA SCIENTIFIC CORPORATION, a California corporation,<br><br>Defendant.<br><br>Related Counterclaims | Case No. 2:23-cv-07222-GW (PDx)<br><br>**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**<br><br>Date:  May 9, 2024<br>Time:  8:30 a.m.<br>Ctrm:  9D, 9th Floor<br><br>Hon. George H. Wu |

124251232.1

Plaintiff/Counterdefendant Meridian Rapid Defense Group LLC ("Plaintiff" or "Meridian"), Counterdefendant Peter Whitford, and Defendant and Counterclaimant Delta Scientific Corporation ("Defendant" or "Delta") (collectively, the "Parties"), hereby submit the following Joint Claim Construction and Prehearing Statement ("Joint Statement") with respect to U.S. Patent No. 7,918,622 ("the '622 patent") and U.S. Patent No. 8,215,866 ("the '866 patent") (collectively, the "Asserted Patents").

A. **AGREED CONSTRUCTION**

The Parties have not agreed to any constructions. The Parties will continue to meet and confer and will advise the Court if any terms/phrases are agreed upon or removed from consideration prior to the claim constructure hearing.

B. **PROPOSED CONSTRUCTIONS AND IDENTIFICATION OF EVIDENCE**

Exhibit A hereto identifies each party's proposed claim construction for each disputed claim term, phrase, or clause, together with an identification of intrinsic and extrinsic evidence presently known to the party on which it may rely in support of its claim construction positions.

C. **IDENTIFICATION OF TERMS WHOSE CONSTRUCTION WILL BE MOST SIGNIFICANT TO THE RESOLUTION OF THE CASE**

The Parties submit that resolution of the following terms will be most significant:

- "upright plate";
- "non-planar aft edge extending along a portion of the **width** of said base plate";

Defendant also believes that resolution of the following terms will be most significant to the resolution of the infringement claims:

- "non-planar aft edge" and all variations thereof;
- "non-linear ... interface", "non-linear configuration", and all

variations thereof; and

- "engaged position" as it relates to the "wheel assembly" and all variations thereof.

### D. **ANTICIPATED LENGTH NEEDED FOR THE CLAIM CONSTRUCTION HEARING**

<u>Plaintiff's statement</u>: Assuming that the Court will only construe up to 10 claim terms, Plaintiff anticipates that no more than three (3) hours is needed for the claim construction hearing, with presentation time divided equally between the Parties.

Plaintiff reluctantly responds to Defendant's statement below: At the moment, Defendant has proposed approximately 20 to 31 claim terms for construction, depending upon how they are counted, even though Defendant has acknowledged that this Court is likely to strike a Joint Statement that sets forth more than 10 terms for construction.

In the last few days (as the parties were preparing this Joint Statement), Defendant suggested that Plaintiff should reduce the number of asserted claims. Defendant had not previously raised this issue, and the parties have not meaningfully discussed it. It seems like Defendant is raising this issue as a last-minute excuse for Defendant's failure to reduce the number of claim terms for construction. Even with the current asserted claims, Defendant could not explain why most of its proposed constructions are relevant or necessary.

Below, Defendant also insists that the means-plus-function limitations "must be construed by the Court as a matter of law." Plaintiff requested that Defendant provide authority for this proposition, but Defendant has not furnished anything on point. To the contrary, this assertion is incorrect. *Sunbeam Prod., Inc. v. Homedics, Inc.*, No. 08-CV-0376-SLC, 2008 WL 5423204, at *1 (W.D. Wis. Dec. 30, 2008) (rejecting the notion "that claim construction of a 'means-plus-function' term always is required."). In any event, there are only three means-

plus-function limitations (not five), one of which was not in Defendant's proposed terms for construction.

Defendant's statement: Plaintiff asserts 30 patent claims across 2 patents. While the Parties exchanged initial infringement and invalidity contentions several months ago, Plaintiff has declined to narrow the number of asserted claims, which remains at 30, 5 of which are claims that include means-plus-function limitations. When common claim terms are considered together, as Defendant understands is this Court's procedure, the Parties propose three common claim terms, Plaintiff proposes one additional term, and Defendant proposes eleven additional terms, for a total of 15 claim terms. Further, Defendant understands that the claims that include means-plus-functions limitations must be construed by the Court as a matter of law. Accordingly, there are five additional means-plus-function terms to be construed.

Defendant anticipates that no more than three (3) hours is needed for the claim construction hearing, with presentation time divided equally between the Parties.

### E. WITNESSES

Plaintiff has designated an expert (Steven Roensch) who submitted a declaration on the issue of claim construction and who has been deposed by Defendant. Plaintiff may call Mr. Roensch as a live witness during the hearing, depending on the arguments raised by Defendant in the briefing.

Defendant does not anticipate calling any witnesses at the claim construction hearing, but may rely on admissions and/or other portions of deposition testimony of Mr. Roensch.

### F. OTHER ISSUES

Plaintiff's statement: Again, Plaintiff reluctantly responds to Defendant's statement below. (Defendant added this section.)

As noted above, Defendant has proposed more than 20 to 31 claim terms for

-3-

construction, depending on how they are counted. Further, in many instances, Defendant's proposed "terms" for construction involve multiple words or lengthy phrases lumped together. In contrast, Plaintiff has only proposed four (4) terms for construction, and three of those are also among the claim terms proposed by Defendant for construction. In the parties' discussions, Defendant acknowledged that this Court typically does not construe more than 10 claim terms. Defendant likewise acknowledged that the Court is likely to strike this Joint Statement because it contains more than 10 claim terms. To avoid further delay, Plaintiff inquired whether Defendant wants to postpone this Joint Statement so that Defendant could reduce the number of terms that it seeks to construe, and then the parties could work out an appropriate briefing schedule once Defendant has reduced the proposed terms for construction. Defendant declined.

At the last minute, during an unrelated discussion, Defendant suggested (for the first time) that Plaintiff should consider reducing the number of asserted claims. Defendant has never raised this issue before, and that parties have not meaningfully met-and-conferred on that point.[1] (Today was the first time Plaintiff learned that Defendant is seeking to limit the number of asserted claims to 10.) Nonetheless, Plaintiff inquired (i) whether Defendant believes that narrowing the number of asserted claims would reduce the number of terms for construction and, if so, (ii) whether Defendant seeks to postpone claim construction in order to facilitate that discussion. Defendant responded that (i) reducing the number of asserted claims is *unlikely* to reduce the number of claim terms that Defendant seeks to construe, and (ii) Defendant is not interested in postponing the claim construction process.

---

[1] Even now, it is unclear what Defendant is seeking. Further, Defendant has not provided meaningful non-infringement arguments that would facilitate such a discussion. Nor has Defendant proposed to reduce the number of asserted prior art references. In any event, the number of asserted claims is not particularly high, given the state of the case.

-4-

Defendant's statement:

The Parties have met and conferred regarding Defendant's proposed motion to limit the asserted claim terms from 30 to 10 total claim terms. Plaintiff declined to reduce the asserted claims. Defendant does not believe this joint statement is the appropriate vehicle for arguing that motion, and disagrees with Plaintiff's statement above. Defendant intends to file its motion next week in compliance with Local Civil Rule 7-3, with a hearing date of June 13, 2024, several weeks prior to the July 1, 2024 claim construction hearing. To the extent Plaintiff is required to narrow its asserted claims to 10, such narrowing will likely reduce the number of claim terms that would need to be construed by the Court.

Regarding claim construction, as explained above, when common claim terms are considered together, as Defendant understands is this Court's procedure, the Parties propose construction of three common claim terms, Plaintiff proposes one additional term, and Defendant proposes eleven additional terms, for a total of 15 claim terms to be construed. Further, Defendant understands that claims that include means-plus-functions limitations must be construed by the Court as a matter of law. Accordingly, there are five additional means-plus-function terms to be construed.

Dated: May 10, 2024

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ Kyle W. Kellar*
Constantine Marantidis
G. Warren Bleeker
Kyle W. Kellar

*Attorneys for Defendant and Counterclaimant Delta Scientific Corporation*

Dated: May 10, 2024

**RUTTENBERG IP LAW,**
**A PROFESSIONAL CORPORATION**

By: */s/ Guy Ruttenberg*
  Guy Ruttenberg
  *Attorney for Plaintiff Meridian Rapid*
  *Defense Group LLC*