**CONSTANTINE MARANTIDIS, CA Bar No. 173318**
cmarantidis@lewisroca.com
**G. WARREN BLEEKER, CA Bar No. 210834**
wbleeker@lewisroca.com
**KYLE W. KELLAR, CA Bar No. 294253**
kkellar@lewisroca.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
**655 N. Central Avenue, Suite 2300**
**Glendale, CA 91203-1445**
**Telephone: (626) 795-9900**
**Facsimile: (626) 577-8800**

Attorneys for Defendant and Counterclaimant
DELTA SCIENTIFIC CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERIDIAN RAPID DEFENSE GROUP LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>DELTA SCIENTIFIC CORPORATION, a California corporation,<br><br>Defendant. | Case No. 2:23-cv-07222-GW (PDx)<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF ITS CLAIMS PURSUANT TO FED. R. CIV. PROC. 41(a)(2)** |
| DELTA SCIENTIFIC CORPORATION, a California corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>MERIDIAN RAPID DEFENSE GROUP LLC, a California limited liability company, and PETER D. WHITFORD, an individual,<br><br>Counterdefendants. | **Hon. George H. Wu** |

126279742.3

Defendant Delta Scientific Corporation ("Delta") submits this Notice of Supplemental Authority to bring to the Court's attention new persuasive authority relevant to Delta's Opposition to Plaintiff's pending Motion for Voluntary Dismissal of Its Claims Pursuant to Fed. R. Civ. Proc. 41(a)(2), which was heard on September 16 and again on September 30 and is currently under submission. (*See* Dkts. 120 (Delta's Opposition), 134 (Tentative Ruling), 136 (Order Continuing Matter), and 144 (Order stating this Motion as "TAKEN UNDER SUBMISSION")).

The case of *Prepared Food Photos, Inc. v. Pool World, Inc.*, No. 2:23-CV-0160-TOR, 2024 WL 4344955 (E.D. Wash. Sept. 30, 2024)[1] supports Delta's arguments at pages 9–10 and 13–15 (ECF pages 16–17 and 20–22) of its Opposition (Dkt. 120) to Plaintiff's Motion for Voluntary Dismissal, specifically that "Meridian's attempt to dismiss its claims without prejudice is an attempt to preclude Delta's forthcoming fee motion by preventing Delta from receiving its rightfully earned prevailing party status. This is legal prejudice warranting dismissal with prejudice." (footnote omitted). This case is also relevant to the Court's tentative ruling (Dkt. 134) at pages 2–3 (ECF pages 3–4).

In *Prepared Food Photos*, the case was stayed relatively early in the proceedings so the parties could seek resolution through a court mediated settlement conference. *Id.* at *1. After the parties were unable to reach an agreement, the plaintiff sought to dismiss its copyright infringement action "without prejudice and without the requirement Plaintiff pay any of Defendant's attorney's fees." *Id*. The Court denied the plaintiff's motion, requiring the plaintiff to "either move to dismiss this action with prejudice or continue with litigation." *Id*. at *3. As the sole basis for the Court's holding, the Court reaffirmed that

---

[1] For the Court's convenience, a copy of the *Prepared Food Photos* case is attached to this Notice as Exhibit A.

-1-

126279742.3

post-*Kamal v. Eden Creamery, LLC*, 88 F.4th 1268 (9th Cir. 2023), "a defendant suffers legal prejudice if deprived of the ability to pursue attorney fees when copyright claims are dismissed without prejudice."[2] *Id.* at *1–2 (citing *Cadkin v. Loose,* 569 F.3d 1142, 1149 (9th Cir. 2009) (voluntary dismissal of copyright claims with prejudice confers prevailing party status on defendants under the Copyright Act while a dismissal without prejudice does not); *Columbia Pictures Television v. Krypton Broadcasting of Birmingham*, 152 F.3d 1171, 1172 (9th Cir. 1998) ("Feltner is not the prevailing party in this case. Therefore, as a matter of law, he is not entitled to attorney's fees pursuant to § 505."); and *U.S. v. Ito*, 472 F. App'x 841, 842 (9th Cir. 2012) ("Without prevailing party status, the Itos were unable to bring their attorney's fees motion under the Civil Asset Forfeiture Reform Act[.] The Itos suffered plain legal prejudice in losing their ability to move for attorney's fees.").

Similar to 35 U.S.C. § 285, which allows for an award of attorneys' fees in exceptional patent matters only to the prevailing party, Section 505 of the Copyright Act requires a party have "prevailing party" status, which is conferred by a dismissal with prejudice, to pursue attorneys' fees. *Id.*, at *2.

---

[2] This is at least the second post-*Kamal* decision affirmatively citing the holding set forth in *U.S. v. Ito*, 472 F. App'x 841 (9th Cir. 2012) (unpublished) in reaching the same conclusion. *See also Dental Health Servs. Inc. v. Miller*, Case No. C23-0383-KKE, 2024 WL 1173803, at *2 (W.D. Wash. Mar. 19, 2024) (*citing U.S. v. Ito*, 472 F. App'x 841, 842 (9th Cir. 2012) ("The Ninth Circuit has held that parties establish plain legal prejudice if they lose their ability to move for attorney fees due to lacking prevailing party status."). Delta included this quote at page 10 (ECF page 17) of its Opposition (Dkt. 120).

| | |
|---|---|
| Dated: October 1, 2024 | Respectfully submitted,<br><br>LEWIS ROCA ROTHGERBER CHRISTIE LLP<br><br>By  */s/Kyle W. Kellar*<br>Constantine Marantidis<br>G. Warren Bleeker<br>Kyle W. Kellar<br><br>Attorneys for Defendant and Counterclaimant<br>DELTA SCIENTIFIC CORPORATION |

-3-

126279742.3